IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL D. BENNETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>T-DEPARTMENT OF CORRECTIONS, )<br>et al., )<br>)<br>Defendants. ) | Case No. 3:22-cv-00632<br>Judge Trauger |

**MEMORANDUM AND ORDER**

Michael Bennett, an inmate of the Northeast Correctional Complex in Mountain City, Tennessee, filed a pro se Complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 1), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), a motion to amend his Complaint (Doc. No. 4), and a motion to appoint counsel (Doc. No. 5).

The case is before the court for ruling on the plaintiff's IFP applications and motions, and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. APPLICATION TO PROCEED IFP**

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(a). Because it appears from the plaintiff's submissions (Doc. No. 2; Doc. No. 1 at 17) that he lacks sufficient financial resources from which to pay the full filing fee in advance, the court **GRANTS** his application (Doc. No. 2) to proceed IFP in this matter.

## II. MOTIONS TO AMEND AND FOR COUNSEL

The plaintiff's motion to amend his Complaint, filed in conjunction with his motion to appoint counsel, lists the following grounds in support of allowing amendment: (1) "New evidence in complaint/lack of complete (body) etc."; (2) his contemporaneously filed motion to appoint counsel due to his inability to effectively represent himself; (3) "Plaintiff['s] wittness's" (sic); and (4) his confusion over questions asked in forms provided by the court, including the complaint form. (Doc. No. 4 at 1.) In seeking appointment of counsel, the plaintiff cites his indigence and medical issues, which include paralysis, progressive multiple sclerosis, confinement to a wheelchair, and inability to read and write well enough to represent himself. (Doc. No. 5 at 1.) The motion to appoint counsel is countersigned by another inmate, identified as "Michael[']s wheelchair pusher and helper," who notes that "[a]ll words, complaints, motions etc. are written for [the plaintiff] in his presence and by his choice of words and expressions in all recieved (sic) matters, [e]xcept when his mind shuts down." (*Id.* at 2.)

The plaintiff has not filed an amended complaint that restates his original pleading and incorporates amendments thereto, which he would be entitled to do as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Nor has he attached a proposed amended complaint to his motion to amend as required by this court's local rules. *See* M.D. Tenn. L. R. 15.01(a)(1) (requiring that a motion to amend "include as an appended exhibit the signed proposed amended pleading"). Accordingly, the motion to amend (Doc. No. 4) is **DENIED**.

For the reasons that follow, this case must be dismissed upon initial review for failure to state a claim upon which relief may be granted. In light of this disposition, the plaintiff's motion to appoint counsel (Doc. No. 5) is **DENIED** as moot.

## III. INITIAL REVIEW

**A. Legal Standard**

The court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e. To determine whether the Complaint states a plausible claim, the court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a viable Section 1983 claim, the plaintiff must allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Plaintiff's Allegations**

The Complaint and its attachments[1] allege that in May 2021, while the plaintiff was confined at the DeBerry Special Needs Facility (DSNF) in Nashville, Tennessee, he completed an

---

[1] Documents attached to an inmate's complaint and central to its claims may be considered on initial screening. *Hardy v. Sizer*, No. 16-1979, 2018 WL 3244002, at *2 (6th Cir. May 23, 2018) (citing *Bassett*

3

inmate withdrawal form directing the disbursement of $410 from his inmate trust account to pay a bill issued by the gas company Amerigas; he included his billing account number on the form. (Doc. No. 1 at 5, 18.) However, when Defendant Tracy Tomlin, a trust fund officer at DSNF, sent approval for this disbursement request to the main trust fund office, Tomlin neglected to provide the plaintiff's billing account number for inclusion on the disbursement check. (*Id.* at 2, 5.) Amerigas allegedly cashed the plaintiff's disbursement check but did not apply the funds to his outstanding balance since it lacked his account information, resulting in loss of the plaintiff's $410 and continuing efforts on behalf of Amerigas to collect the delinquent amount from the plaintiff's mother and stepfather. (*Id.* at 5.) The plaintiff sues Tomlin and other officials/offices involved with processing or overseeing inmates' financial transactions (*id.* at 2–3), alleging negligence and theft of his money without any effort to correct the mistake or reimburse his trust account. (*Id.* at 3–4.) As relief, the plaintiff seeks damages in the form of a $410 refund to his trust account, plus court fees. (*Id.* at 5.)

**C. Analysis**

To state a viable Section 1983 claim, the plaintiff must allege that he was deprived of a right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher*, 675 F.3d at 583. The Complaint does not allege any such deprivation, but only "theft" and "negligence." (Doc. No. 1 at 3.) Even if the Complaint could be liberally construed to allege that the theft of the plaintiff's money amounts to a deprivation of property without due process, the plaintiff cannot proceed in federal court on a claim that his Fourteenth Amendment due process rights were violated because of the loss of personal property—including funds in his inmate trust account—

---

*v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (explaining that a district court evaluating whether a complaint fails to state a claim may consider "any exhibits attached" to the complaint)).

4

unless he pleads the inadequacy of state post-deprivation remedies, such as a state action for conversion. *Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995) (citing, *e.g.*, *Hudson v. Palmer*, 468 U.S. 517, 531–36 (1984)); *Torrez v. Corr. Corp. of Am.*, No. CV 10-2093-PHX-MHM, 2010 WL 4922876, at *5–6 (D. Ariz. Nov. 29, 2010) (holding that "availability of a common-law tort suit against a private prison employee constitutes an adequate post-deprivation remedy" that "precludes a claim for violation of due process"). Tennessee recognizes "[a] cause of action for conversion [which] occurs when the alleged wrongdoer exercises dominion over the funds in defiance of the owner's rights." *Ralston v. Hobbs*, 306 S.W.3d 213, 221 (Tenn. Ct. App. 2009) (citation and internal quotation marks omitted). The plaintiff does not allege that this state remedy is inadequate.

Moreover, even if an otherwise colorable due process violation were alleged, merely negligent conduct will not expose prison officials to liability under Section 1983. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (observing that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process") (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986) ("Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property")); *Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 728, 730 (6th Cir. 2022) ("A defendant must have acted deliberately (not accidentally) and recklessly"; the Section 1983 plaintiff "must prove the [defendant] was more than merely negligent[.]").

For these reasons, this Complaint alleging theft and negligent deprivation of property must be dismissed for failure to state a viable claim under Section 1983. To the extent that the Complaint

alleges claims under state law, the dismissal will be without prejudice to the plaintiff's ability to pursue those claims in state court.

### III. CONCLUSION

As explained above, the plaintiff's IFP application (Doc. No. 2) is **GRANTED**. His motion to amend (Doc. No. 4) is **DENIED**.

This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. The dismissal is without prejudice to the plaintiff's ability to pursue relief in state court. In light of this dismissal, the plaintiff's motion to appoint counsel (Doc. No. 5) is **DENIED** as moot.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge